UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JONATHAN HART,

        Petitioner,                           Case No. 1:07-cv-476

v.                                           Honorable Robert Holmes Bell

MARY BERGHUIS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to state a claim.

**Discussion**

    I.    Factual allegations

Petitioner is currently incarcerated in West Shoreline Correctional Facility. In his petition, Petitioner challenges convictions for two counts of second-degree home invasion, MICH. COMP. LAWS 750.110a, and one count of stealing, taking or removing a financial transaction device without consent, MICH. COMP. LAWS 450.157n. He pleaded guilty in Eaton County Circuit Court on October 4, 2004, and was sentenced to 140-160 months for each count of home invasion and 24 to 96 months for removing a financial transaction device. (Docket #1, Pet. at 1; Docket # 2, Br. at 5.)[1] Petitioner sought leave to appeal from the Michigan Court of Appeals, which was denied for "lack of merit in the grounds presented" on November 22, 2005. (Mich. Ct. App., No. 265740, Order, Nov. 22, 2005). Petitioner then sought leave to appeal from the Michigan Supreme Court, which was denied on June 26, 2006. (Mich., No. 130268, Order, Mar. 27, 2006).

Petitioner now seeks habeas review of the same two claims raised before the Michigan courts. First, Petitioner claims that his Sixth and Fourteenth Amendment rights were violated because the circuit court considered facts not proven to a jury beyond reasonable doubt or pled to by Petitioner. (Pet. at 6.) Second, Petitioner claims that his Sixth and Fourteenth Amendment rights were violated because the trial court miscalculated his score under the Michigan Sentencing Guidelines. *Id.*

---

[1]For ease and clarity, the Court will cite the page numbers assigned to Petitioner's petition and brief by CM/ECF.

II.     *Blakely v. Washington*

Petitioner bases his first argument largely on the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004).  *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.  Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant.  The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term.  The maximum sentence is not determined by the trial judge, but is set by law.  *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8).  Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; see also People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)).  Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence.  *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of

*Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Numerous decisions of the federal courts in this state have examined Michigan's sentencing system and have found that it does not violate Fourteenth or Sixth Amendment rights. *See, e.g., Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007)*; Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007)*; Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

   III.   Sentencing

Although Petitioner has a right not to be sentenced based upon materially false information or "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker,* 404 U.S. 443, 447 (1972)), the essence of Petitioner's claim is that the circuit court mis-scored the state sentencing guidelines, not that the underlying facts were, in themselves, materially false. Petitioner asserts that the trial court erred by applying twenty-five points to his score under Michigan's Sentencing Guidelines for Petitioner's conviction for conspiracy to commit second-degree home invasion. (Br. at 20-21.) Petitioner asserts that it was a crime against property, and, therefore, should only result in fifteen points. *(Id.* at 21.) The Michigan Court of Appeals denied Petitioner's application for appeal for "lack of merit in the grounds presented." (Mich. Ct. App., No. 265740, Order, Nov. 22, 2005).

The federal courts may release a state prisoner only on the ground that he is being held in violation of the federal Constitution or laws. 28 U.S.C. § 2254; *see Estelle v. McGuire*, 502

U.S. 62, 67 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle*, 502 U.S. at 67-68; *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.1987) ("The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure."). And a claim that the circuit court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich.1999). The alleged error complained of by Petitioner involves the circuit court's interpretation of the Michigan Sentencing Guidelines. Petitioner, therefore, fails to state a claim.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to state a claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   June 12, 2007                       /s/  Joseph G. Scoville
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).